BWW#: VA-312479

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| IN RE: | Case No. 19-10888-KHK |
| MARK ANTHONY ANDERSON | |
|    Debtor | Chapter 13 |
| _____ | |
| DITECH FINANCIAL LLC | |
|    Movant | |
| v. | |
| MARK ANTHONY ANDERSON | |
|    Debtor/Respondent | |
| and | |
| LATAUNIA ANDERSON | |
|    Co-Debtor/Co-Respondent | |
| and | |
| THOMAS P. GORMAN | |
|    Trustee/Respondent | |

**CONSENT ORDER MODIFYING AUTOMATIC STAY AND CO-DEBTOR STAY**

     This matter was before the court on July 22, 2019 on the motion of Ditech Financial LLC (the "Movant") for relief from the automatic stay with respect to the real property located at 1411 Admiral Drive, Woodbridge, VA 22192 (the "Property") and more particularly described as follows:

Lot 49, RIVERVIEW OVERLOOK, as the same appears duly dedicated, platted and recorded in Deed Book 497 at Page 338, among the land records of Prince William County, Virginia.

Tax I.D. Number: 8393-71-7485

Upon consideration of which, it is

    **ORDERED:**

1. The Debtor will resume making regular monthly installment payments in the amount of $1,871.82 (subject to adjustment due to interest rate changes or escrow changes) as they become due commencing on September 1, 2019. Late payments will include applicable late charges in the amount of $0.00 (subject to change due to adjustments of the monthly principal and interest payment).

2. The Debtor will cure the post-petition arrearage currently due to the Movant through August 1, 2019 in the total amount of $8,510.10, which includes 4 post-petition monthly payments due from May 1, 2019 through August 1, 2019 in the amount of $1,871.82 each, filing fees of

_____
Lauren French, VSB# 85478
8100 Three Chopt Road, Suite 240
Richmond, VA 23229
(804) 282-0463 (Phone)
*Attorney for the Movant*

$181.00, attorney's fees of $850.00, and $8.18 in suspense, by filing an Amended/Modified Chapter 13 Plan (the "Amended Plan"), which Amended Plan shall provide for the payment of the post-petition arrearage set forth herein to the Movant over the life of the Debtor's bankruptcy. The Debtor shall file the Amended Plan within 21 days of the entry of this order. The Movant shall amend its filed Proof of Claim, or file a supplemental Proof of Claim, for the post-petition arrearages set forth above, within 60 days from the entry of this Order. In the event Movant does not file or amend its claim for those post-petition arrearage within the aforementioned period, Debtor's counsel is then authorized to file the supplemental Proof of Claim on Movant's behalf in the amount provided for in this Order.

3. In the event that any payment set forth in this order is not received by the Movant within 15 days after it is due, or if the Debtor does not file the Amended Plan within 21 days of the entry of this order, the Movant may mail a notice of default to the Debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to Debtor's counsel and the Trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the Debtor. The notice of default will state in simple and plain language:

   a. That the Debtor is in default in making at least one payment required under this order or in timely filing the Amended Plan;
   b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
   c. The action necessary to cure the default, including any address to which payments must be mailed;
   d. That the Debtor or Trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
      i. cure the default;
      ii. file an objection with the court stating that no default exists; or
      iii. file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
   e. That if the Debtor or Trustee does not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the Debtor; and
   f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

   If the Debtor or Trustee does not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the Debtor nor the Trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

   If the Debtor or Trustee files an objection, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Debtor's counsel and the Trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the Debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the Movant shall be entitled to reasonable attorneys fees in the amount of $100.00 for issuance of a notice of default, and an additional $200.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

8. Relief is granted as to Lataunia Anderson, the Co-Debtor, from the automatic stay imposed by 1301(a) to the same extent and on the same terms and conditions as granted as to the Debtor.

Alexandria, Virginia

Date: Aug 8 2019

/s/ Klinette H. Kindred
United States Bankruptcy Judge

Entered on Docket: August 9, 2019

**WE ASK FOR THIS:**

 */s/ Lauren French*
Lauren French, VSB# 85478
BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA 23229
(804) 282-0463 (phone)
(804) 282-0541 (facsimile)
*Attorney for the Movant*

**SEEN AND AGREED:**

 */s/ Nathan A. Fisher*
Nathan A. Fisher, Esq.
3977 Chain Bridge Rd, #2
Fairfax, VA 22030
*Counsel for the Debtor*

**SEEN, WITH RESERVATION OF RIGHT TO OBJECT TO THE AMENDED PLAN:**

_/s/ Thomas P. Gorman_
Thomas P. Gorman, Trustee
300 N. Washington St., Ste 400
Alexandria, VA 22314
*Chapter 13 Trustee*

## CERTIFICATION

The undersigned certifies that:

1. The foregoing Consent Order Modifying Automatic Stay and Co-Debtor Stay is identical to the form order required by Standing Order No. 10-2 and that no modification, addition, or deletion has been made WITH THE EXCEPTION OF THE FOLLOWING:

    a. Paragraph 2 of the order has been modified to include a detailed accounting of the post-petition arrearage owed to the Movant; and

    b. Paragraph 3 of the order has been modified to include a default provision in the event the Debtor fails to timely file the Amended Plan, in accordance with the requirements set forth in Paragraph 2 herein; and

2. The foregoing Consent Order Modifying Automatic Stay and Co-Debtor Stay has been endorsed by or on behalf of all necessary parties and counsel herein pursuant to Local Rule 9022-1.

_/s/ Lauren French_
Lauren French
Attorney
BWW Law Group, LLC

cc:

Thomas P. Gorman, Trustee
300 N. Washington St., Ste 400
Alexandria, VA 22314

Nathan Andrew Fisher, Esq.
3977 Chain Bridge Rd, #2
Fairfax, VA 22030

Mark Anthony Anderson
1411 Admiral Drive
Woodbridge, VA 22192

Lataunia Anderson
1411 Admiral Drive
Woodbridge, VA 22192